UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | | |
|---|---|---|
| ALIMAMY BARRIE, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 0: 18-54-HRW |
| | ) | |
| V. | ) | |
| | ) | |
| J.C. STREEVAL, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Federal inmate Alimamy Barrie has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his placement on a "refusal" status under the Inmate Financial Responsibility Program ("IFRP") with the Bureau of Prisons ("BOP"). [D. E. No. 1]. This matter is before the Court to conduct the screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

As an initial matter, Barrie did not pay the $5.00 filing fee required by 28 U.S.C. § 1914. Thus, dismissal of Barrie's petition without prejudice is warranted on this ground alone.

Moreover, prisoners must fully exhaust available administrative remedies prior to seeking habeas relief, *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006), something Barrie readily acknowledges he did not do.

1

[D.E. No. 1 at p. 8]. Barrie asks the Court to excuse that failure, on the grounds that the administrative remedy process is "time consuming." However, Barrie's subjective belief that the process is time-consuming does not excuse his failure to pursue his administrative remedies. Thus, Barrie's petition will be dismissed without prejudice for failure to exhaust his administrative remedies prior to filing the petition.

Accordingly, it is hereby **ORDERED** as follows:

1. The petition for a writ of habeas corpus [D.E. No. 1] is **DENIED WITHOUT PREJUDICE.**

2. This matter is **DISMISSED** and **STRICKEN** from the docket of the Court.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 8th day of May, 2018.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge