UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | | |
|---|---|---|
| ALIMAMY BARRIE, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 0: 18-54-HRW |
| | ) | |
| V. | ) | |
| | ) | |
| J.C. STREEVAL, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Petitioner Alimamy Barrie has filed a Notice of Appeal [D.E. No. 6] and a motion to waive payment of the appellate filing fee. [D.E. No. 8] The filing fee provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(a)(2), (b), do not apply to habeas corpus proceedings. *Kincade v. Sparkman*, 117 F. 3d 949, 951-52 (6th Cir. 1997). See also *Graham v. U.S. Parole Comm'n*, No. 96-6725, 1997 WL 778515, at \*2 (6th Cir. Dec. 8, 1997) (noting that the fee provisions of the PLRA do not apply to habeas corpus petitions filed under Section 2241); *Blair-Bey v. Quick*, 151 F.3d 1036, 1040-41 (D.C. Cir. 1998) (same).

The Court therefore applies the traditional discretion afforded to *pauper* determinations under 28 U.S.C. § 1915(a). *Walker v. O'Brien*, 216 F.3d 626, 638 n.5 (7th Cir. 2000) (*en banc*) ("A court has it within its discretion to insist that litigants proceeding IFP in non-PLRA cases must nonetheless pay a fee

1

commensurate with their ability to do so."). Granting *pauper* status is therefore not an all-or-nothing proposition: whether before the trial court or on appeal, a partial filing fee may be required where appropriate. See *In re Epps*, 888 F.2d 964, 967 (2d Cir. 1989) ("The discretion to waive prepayment of filing fees, conferred upon district judges by Section 1915, need not be exercised on an all-or-nothing basis. The power to waive the entire fee includes the power to waive a portion of it."); *Collier v. Tatum*, 722 F.2d 653, 654-55 (11th Cir. 1983) (holding in an appeal decided before enactment of the PLRA that "a prisoner-plaintiff may be required to pay a partial filing fee for an appeal.").

Here, the financial documents accompanying Barrie's motion indicate that Barrie has sufficient funds to pay a portion of the $505.00 appellate filing fee. [D.E. No. 9] However, the Court finds that requiring Barrie to pay the whole filing fee would be unduly burdensome in light of his limited financial resources. Barrie must therefore pay **$54.05** in full satisfaction of the appellate filing fee within 28 days from the date of this Order. *Olivares v. Marshall*, 59 F.3d 109, 111 (9th Cir. 1995)(*citing Clark v. Ocean Brand Tuna*, 974 F.2d 48, 50 (6th Cir. 1992)).

Accordingly, **IT IS ORDERED** that:

1. Barrie's motion to waive payment of the appellate filing fee [D.E. No. 8] is **GRANTED IN PART**. Within **28 DAYS**, Barrie shall pay **$54.05** to the Clerk of the Court in full satisfaction of the appellate filing fee.

2.  The Clerk of the Court shall forward a copy of this Order to the Clerk of the Court of Appeals for the Sixth Circuit.

This 4th day of June, 2018.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge